**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In Re | § | |
| CONTRACTOR TECHNOLOGY, | § | **CIVIL ACTION NO. H-05-3212** |
| LTD., | § | |
|     Debtor. | § | BR Case No. 05-37623-H1-7 |

**MEMORANDUM AND ORDER**

This case is currently before the Court on St. Paul Travelers Insurance Company's Amended Motion for Leave to Appeal [Doc. # 3] from the United States Bankruptcy Court's Amended Order signed August 31, 2005. The Bankruptcy Court's order granted in part and denied in part the Bankruptcy Trustee's application to employ special litigation counsel and a litigation support professional.

The Fifth Circuit has not expressly adopted criteria specifically for determining whether to grant leave to appeal under 28 U.S.C. § 158(a)(3), but it has recognized that many district courts use the standard applied under 28 U.S.C. § 1292(b) for interlocutory appeals to the various courts of appeals.[1]  *See Ichinose v. Homer Nat'l Bank*, 946 F.2d 1169, 1177 (5th Cir. 1991). To be appealable under this standard, an

---

[1] Because the Court finds that leave to appeal should be granted under the § 1292(b) standard, as applied to § 158(a)(3), the Court need not consider whether exceptional circumstances exist which would justify immediate review under the collateral order doctrine first enunciated in *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949), and discussed by the Fifth Circuit in *In re Delta Servs. Indus.*, 782 F.2d 1267 (5th Cir. 1986).

interlocutory order of the bankruptcy court must involve a controlling issue of law upon which there is substantial ground for difference of opinion. *Id.* Additionally, the district court must find that an immediate appeal of the interlocutory order would materially advance the ultimate termination of the bankruptcy case. *Id.*

In this case, the Bankruptcy Court appointed Porter & Hedges, L.L.P. as special litigation counsel even though the firm represents or has represented nine creditors of the debtor. Whether this appointment was appropriate involves important and controlling legal issues on which there is a substantial basis for differing opinions. The Court expressly finds that permitting this appeal would materially advance the ultimate termination of this litigation. Indeed, to permit the issue regarding the propriety of Porter & Hedges's appointment to remain undecided could impair the effective handling of this bankruptcy proceeding. "Decisions by the . . . trustee will hve a critical impact on the outcome" of this bankruptcy case, and the Bankruptcy Court and the public need to have confidence that the trustee is receiving input and advice from proper litigation counsel. *See In re Philadelphia Athletic Club, Inc.*, 20 B.R. 328, 332 (E.D. Penn. 1982).

Having found that the requirements for an interlocutory appeal are satisfied in this case, the Court hereby

**ORDERS** that the Amended Motion for Leave to Appeal [Doc. # 3] is **GRANTED**. It is further

**ORDERED** that the time limits set forth in Bankruptcy Rules 8006 and 8009 will apply as of the date this Memorandum and Order is entered.

SIGNED at Houston, Texas, this **6th** day of **December, 2005.**

_____
Nancy F. Atlas
United States District Judge